UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GIOVANNI MICCO & MARGARITA MICCO ) <br>    Plaintiffs,                                  ) <br>                                                  ) <br>                                                  ) <br>                                                  ) <br> GLOBAL CREDIT & COLLECTION CORPORATION ) <br> & JOHN DOE a/k/a MR. PRICE              ) <br>    Defendants                                ) <br> _____) | CIVIL ACTION <br><br> TRIAL BY JURY <br> DEMANDED <br><br><br><br> MARCH 4, 2011 |

## COMPLAINT

1. This is a suit brought by consumers who have been harassed by Defendant. This action is for violation of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes a pendent claim brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.* and intentional infliction of emotional distress, and also includes a claim for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Plaintiff Giovanni Micco is a natural person residing in Meriden, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Plaintiff Margarita Micco is a natural person residing in Meriden, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3) and is the wife of Plaintiff Giovanni Micco.

4. Defendant Global Credit & Collection Corporation ("Global") is a Delaware corporation with a principal place of business in New York and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

5. Defendant John Doe a/k/a Mr. Price works as a debt collector with Global; Mr. Price's true identity and location are not known by Plaintiffs at this time but are ascertainable through discovery.

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1367, and 1337.

7. This Court has jurisdiction over Global because it engages in debt collection within Connecticut.

8. Venue in this Court is proper, because the Plaintiffs are residents and the acts complained of occurred in this state.

9. Capital One Services, LLC claimed a debt against Plaintiffs in the amount of $16,526.35 that was assigned to Global for collection purposes (the "Account").

10. Global began contacting Plaintiffs in an attempt to collect the Account.

11. On or around January 23, 2011, Mr. Price called and spoke with Plaintiff Giovanni Micco in an attempt to collect the Account, and during that call, Mr. Price told him that Plaintiffs had to pay Global the full amount claimed by January 25, 2011 or else legal action would be taken against him, and when Plaintiff Giovanni Micco replied that they could not afford to pay the full amount, Mr. Price suggested that he ask a friend or relative for the money or get someone to cosign on a loan to pay the Account.

12. Around that same time, Global representatives called Plaintiffs' cell phones without permission in an attempt to collect the Account and left messages that failed to state that it was a communication from a debt collector; some of those messages contained deceptive statements implying that Global had a judgment against Plaintiffs on the Debt or was about to take legal action or other actions that Global in fact could not take or was not intending to take. Global was also calling Plaintiffs' home three times a day on average during the last two weeks of January 2011.

13. Global made the aforementioned calls to Plaintiffs' cell phones with the use of an automatic dialer.

14. Furthermore, around the end of January 2011, Global contacted Plaintiffs' bank and without authorization attempted to obtain from one of that bank's representatives Plaintiffs' bank account information in an attempt to collect the Debt.

15. Plaintiff Giovanni Micco was very intimidated by Mr. Price's threats, by the threats made by other Global representatives on the messages they left, and by Global's incessant calling to Plaintiffs' home and cell phones. Plaintiff Giovanni Micco believed that he needed to pay Global the full amount of the Debt by January 25, 2011 or else he and his wife would be sued, and this caused him stress, worry and anxiety; as a result, he could not sleep for two nights, he was depressed and had trouble concentrating, and he experienced headaches which required him to take Tylenol to relieve the symptoms.

16. Fearing that he would be sued if he did not pay the full amount of the Account by January 25th, Plaintiff Giovanni Micco asked a friend if he would co-sign on a loan to

pay the Account, and this was extremely embarrassing to Plaintiff Giovanni Micco and caused him additional stress and anxiety and made him feel ashamed.

17. Plaintiff Margarita Micco experienced stress and anxiety as a result of Global's threats and by witnessing the distress her husband was suffering as a result of those threats.

18. Global and Mr. Price violated the FDCPA and committed intentional infliction of emotional distress, and Global violated CUTPA and the TCPA.

WHEREFORE, the Plaintiffs seek recovery of actual damages (including emotional distress related damages) and statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; damages under 47 U.S.C. 227(b)(3); and such other relief as this Court deems appropriate.

**PLAINTIFFS, GIOVANNI MICCO & MARGARITA MICCO**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457